**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000378
16-OCT-2024
09:06 AM
Dkt. 85 SO**

NO. CAAP-20-0000378

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SO-CAL CAPITAL, INC., a California corporation,
Plaintiff/Counterclaim Defendant-Appellee,
v.
2270 PACIFIC HEIGHTS ROAD LLC,
a Hawaii limited liability company,
Defendant/Cross-claim Defendant-Appellee,
and
WESLEY HARA, Defendant/Cross-claim Defendant/
Counterclaim Plaintiff/Cross-claim Plaintiff-Appellant,
and
ANOINTED BUSINESS SOLUTIONS, LLC,
Defendant/Counterclaim Plaintiff/Cross-claim Plaintiff/
Cross-claim Defendant-Appellee,
and
JOHN AND MARY DOES 1-20 AND DOE PARTNERSHIPS,
CORPORATIONS OR OTHER ENTITIES 1-20, Defendants


and

WESLEY HARA,
Third-party Plaintiff-Appellant,
v.
MICHAEL LEONARD MAZZELLA, also known as MICHAEL L. MAZZELLA,
also known as MICHAEL MAZZELLA, in his individual capacity;
MICHAEL MAZZELLA DEVELOPMENT GROUP LLC; TURTLE BAY LAND
COMPANY LLC, Third-party Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE
ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Third-party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC191000180)

SUMMARY DISPOSITION ORDER
(By: Leonard Acting C.J., and Hiraoka and Wadsworth, JJ.)

Defendant/Counterclaimant/Crossclaim Defendant-Appellant Wesley Hara (**Hara**) appeals from the following orders and judgments entered in favor of Plaintiff/Counterclaim Defendant-Appellee So-Cal Capital, Inc. (**So-Cal**) on April 16, 2020, by the Circuit Court of the First Circuit[1] (**Circuit Court**):

(1) the "Order Granting [So-Cal's] Renewed Motion for Summary Judgment Against . . . Hara as to Priority of Mortgages Filed on October 15, 2019" (**Priority Order**);

(2) the "Judgment" on the Priority Order (**Priority Judgment**);

(3) the "Order Approving Commissioner's Report and Confirming Sale of Real Property and Distribution of Proceeds and Allowing Attorneys' Fees and Expenses, for Writ of Possession and for Deficiency Judgment" (**Confirmation Order**); and

(4) the "Judgment Based Upon [the Confirmation Order]" (**Confirmation Judgment**).

In his opening brief, Hara also challenges the Circuit Court's July 17, 2020 "Order Granting in Part and Denying in Part . . . Hara's Motion for Reconsideration of (1) [the Confirmation Order]; (2) [the Priority Order]; and (3) [the Confirmation Judgment and the Priority Judgment]; or in the Alternative, for Order Staying Proceedings and Enforcement of the Foregoing Orders Pending Appeal Filed Herein on April 27, 2020" (**Reconsideration and Stay Order**).

Hara did <u>not</u> appeal from the Circuit Court's September 24, 2019 "Findings of Fact, Conclusions of Law, Order Granting Motion for Summary Judgment Against All Defendants, Interlocutory Decree of Foreclosure and Order of Sale" (**Foreclosure Decree**), or the September 24, 2019 "Judgment Based Upon [the Foreclosure Decree]."

In the Foreclosure Decree, the Circuit Court determined there was no genuine issue as to the following material facts, none of which Hara disputes in this appeal:  On December 1, 2016,

[1]     The Honorable Jeannette H. Castagnetti presided.

Defendant-Appellee 2270 Pacific Heights Road, LLC (**2270 Pacific**) executed a promissory note for $972,314.00 in favor of So-Cal (**So-Cal Note**). The So-Cal Note was secured by a mortgage (**So-Cal Mortgage**) on real property located at 2270 Pacific Heights Road, Honolulu, Hawaiʻi (**Property**). The So-Cal Mortgage, dated December 1, 2016, was recorded in the State of Hawaiʻi Bureau of Conveyances (**Bureau**) and is a "mortgage lien recorded against the Property."

The record also reflects that with respect to Hara, 2270 Pacific executed a "NOTE" for $200,000.00 in favor of Hara, dated October 20, 2016 (**Hara Note**). The Hara Note was secured by a "PURCHASE MONEY MORTGAGE" on the Property (**Hara Mortgage**). The Hara Mortgage, dated October 20, 2016, was recorded in the Bureau on December 27, 2016.

Hara raises the following points of error on appeal:

(1) The Circuit Court erroneously concluded that the So-Cal Note and Mortgage "was superior to [Hara's] Note & Mortgage as to the full amount" because "there was no contractual or other obligation of [So-Cal] to extend future credit to [2270 Pacific]," and the So-Cal Mortgage "was missing the statutorily required 'future advance clause' necessary to give priority to its subsequent Second Tranche . . . over [Hara's] intervening advance of $200,000";

(2) "[T]o the extent the [Circuit C]ourt allowed [So-Cal] to credit bid $972,314.00 (in the first lien position)[,] [t]he [Circuit C]ourt should have ruled that [So-Cal's] first lien position amounted to only $438,553.29";

(3) The Circuit Court erred by denying reconsideration on its ruling "that the entire amount of [So-Cal's] Note & Mortgage . . . was superior to" the Hara Mortgage"; and

(4) The Circuit Court abused its discretion by requiring that Hara post a supersedeas bond "where the Hawaiʻi[] Supreme Court [has] ruled 'other circumstances' and 'substitute security' can be considered . . . in deciding whether to forgo the requirement of the posting of a supersedeas bond" and "a full bond would be impossible for an individual investor to post."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Hara's contentions as follows, and affirm.

A.

We conclude that the Circuit Court correctly ruled there was no genuine issue of material fact that the So-Cal Mortgage secures the full $972,314.00 amount of the So-Cal Note and has first lien priority.

Hara's first, second, and third points of error are based on his contention that the Circuit Court erroneously ruled that the So-Cal Note's full amount of $972,314.00 had priority over the Hara Note. Hara contends, in summary, that the $972,314.00 So-Cal Note must be split into separate amounts, with the lien priority for each amount individually determined by the date that funds were disbursed by So-Cal.

Under this approach, Hara asserts the "sequence of priority and perfection" should be: (1) "December 21, 2016: [So-Cal's] Note and Mortgage perfects as to $438,553.29 (together with a possible claim for a portion of the pre-paid interest and closing cost)"; (2) "December 27, 2016: [Hara's] Note and Mortgage perfects as to $200,000"; and (3) "January 20, 2017: [So-Cal] is an unsecured creditor to an unperfected loan of $396,200."

We note initially that Hara's argument to effectively reduce the $972,314.00 stated amount of the So-Cal Note and So-Cal Mortgage to $438,553.29 conflicts with the Foreclosure Decree, in which the Circuit Court concluded that the So-Cal Note and Mortgage are "valid and enforceable according to their terms," that "the entire unpaid principal balance under said [So-Cal] Note, together with interest and other charges, is now due and owing[,]" and "[a]ll sums due, and to become due, respectively, to [So-Cal] under said [So-Cal] Note and [So-Cal] Mortgage constitute a valid mortgage lien upon the Property . . . ." As previously stated, however, Hara did not appeal the Foreclosure Decree or the Foreclosure Judgment, apparently because, in the Foreclosure Decree, the Circuit Court "reserve[d]

4

ruling on the amounts due and owing to [So-Cal]" and "the issue of priority in light to [sic] the limited discovery allowed with respect to whether [So-Cal] had notice of [Hara's] Mortgage."

In any event, we reject Hara's contention regarding the relative priorities of the So-Cal Mortgage and the Hara Mortgage. Hawaii Revised Statutes (**HRS**) § 502-83 (2018) governs this issue. That statute states:

> **Effect of not recording deeds, leases, etc.** All deeds, leases for a term of more than one year, mortgages of any interest in real estate, or other conveyances of real estate within the State, shall be recorded in the bureau of conveyances. Every such conveyance not so recorded is void as against any subsequent purchaser, lessee, or mortgagee, in good faith and for a valuable consideration, not having actual notice of the conveyance of the same real estate, or any portion thereof, or interest therein, whose conveyance is first duly recorded.

Id. (emphases added). HRS § 502-83 establishes a "race-notice jurisdiction" and "lien priority is determined according to the common law principle of 'first in time, first in right.'" Am. Sav. Bank, F.S.B. v. Chan, Nos. CAAP-15-0000309 & CAAP 15-0000395, 2019 WL 3385930, at *12 (Haw. App. July 26, 2019) (mem. op.), aff'd, 146 Hawaiʻi 94, 103, 456 P.3d 167, 176 (2020) (citing HRS §§ 501-82, 502-83 and stating "because HHFDC's lien was filed before the Association's liens, HHFDC's lien had priority under the 'first in time, first in right' principle"). "The value of the lien is not an essential element in determining lien priority as it does not affect the recording date of that lien." Id.

On appeal, the parties agree that the So-Cal Mortgage was recorded on December 21, 2016, which is before the Hara Mortgage was recorded on December 27, 2016. In addition, Hara does not contest the Circuit Court's determination in the Priority Order that there was no genuine issue of material fact that So-Cal did not have notice of the Hara Mortgage before the So-Cal Mortgage was recorded in the Bureau. The Circuit Court's Priority Order thus correctly concluded that the So-Cal Mortgage is senior to the Hara Mortgage, because under HRS § 502-83, "lien priority is determined according to the common law principle of 'first in time, first in right'" and the "value of the lien is

not an essential element in determining lien priority as it does not affect the recording date of that lien." Chan, 2019 WL 3385930, at *12.

Although $396,200.00 of the So-Cal Note's $972,314.00 principal amount may have funded the construction of improvements on the Property and was later disbursed in increments after the Hara Mortgage was recorded on December 27, 2016, the So-Cal Mortgage's December 21, 2016 date of recordation determines priority, not the date that funds were disbursed by So-Cal. See HRS §§ 502-83, 506-1(b) (2018); Chan, 2019 WL 3385930, at *12; see also Snead Const. Corp. v. First Fed. Sav. & Loan Ass'n of Orlando, 342 So. 2d 517, 519 (Fla. Dist. Ct. App. 1976) (concluding that instead of a "mortgage securing future advances" "given to secure a loan which the mortgagee has not yet made and may never make," "a construction loan mortgage is given to secure a contemporaneous indebtedness for the repayment of funds 'temporarily retained, wholly or in part, by the mortgagee,'" and "such a mortgage takes priority as a lien from the date of its record, and not from the date of the disbursements . . . not exceeding, however, the maximum amount the mortgagee is obligated to loan or advance by the terms of the mortgage . . . .").

On this record, the Circuit Court correctly ruled in the Priority Order that the So-Cal Mortgage "secures the entire amount of [So-Cal's] loan, which was for a principal amount of $972,314.00" and "the full amount due under [So-Cal's] loan has priority over [Hara's] mortgage." In addition, the Circuit Court did not abuse its discretion in denying reconsideration of its Priority Order and Confirmation Order because Hara repeated the prior arguments on lien priority and Hara did not submit any new evidence or law.

B.

With regard to Hara's fourth point of error, we conclude that the Circuit Court did not abuse its discretion by requiring a supersedeas bond, as Hara failed to meet his burden to provide a secure alternative that protects So-Cal's rights.

Hara argues that the Circuit Court "erred by requiring, as between two secured lenders fighting over priority to the same

6

collateral," that Hara post a $1,466,705.59 supersedeas bond. Hara contends that the "Property 'sold' to [So-Cal] . . . will provide more than adequate security to preserve the 'status quo' and to protect [So-Cal] from any loss incurred as a result of the stay pending appeal."

"When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . ." Hawaiʻi Rules of Civil Procedure Rule 62(d). "[A] court has discretion to consider a reduced bond or other forms of security aside from a full bond when determining whether and in what amount a supersedeas bond is necessary to maintain the status quo." Kelepolo v. Fernandez, 148 Hawaiʻi 182, 192, 468 P.3d 196, 206 (2020). "The burden to provide a secure alternative to a bond rests with the appellant." Id.

"[T]he sound financial circumstances of a judgment debtor may be considered by the trial court in determining suitable security" and "permits the court to exercise its discretion to substitute some form of guaranty of judgment in lieu of a supersedeas bond." Id. at 188, 468 P.3d at 202. "On the other hand, if a full bond would unduly burden the debtor, the court may allow arrangement of substitute security that would equally protect the judgment creditor." Id.

Here, in the Reconsideration and Stay Order, the Circuit Court granted "Hara's . . . request to stay the proceeding pending appeal on the condition that [Hara] posts a Supersedeas Bond" in the amount of $1,466,705.59, which is "the amount of [So-Cal's] Judgment plus two years of interest at ten percent (10%)." However, Hara did not post the supersedeas bond, and on January 5, 2021, the court-appointed commissioner reported that the "[P]roperty has been conveyed."

The Circuit Court did not abuse its discretion because Hara did not seek to maintain the status quo -- *i.e.,* to stay the Property's conveyance to So-Cal -- but requested a stay of any subsequent "transfer of the Property to a third-party purchaser pending [Hara's] appeal so that it is not 'mooted.'" Hara also failed to meet his burden to provide a secure alternative to a bond and did not submit to the Circuit Court any declaration or

evidence of purported financial hardship, or propose any other form of security.

For these reasons, the following orders and judgments entered by the Circuit Court of the First Circuit are affirmed: (1) the April 16, 2020 Priority Order; (2) the April 16, 2020 Priority Judgment; (3) the April 16, 2020 Confirmation Order; (4) the April 16, 2020 Confirmation Judgment; and (5) the July 17, 2020 Reconsideration and Stay Order.

DATED:  Honolulu, Hawaiʻi, October 16, 2024.


On the briefs:

Peter J. Lenhart
for Defendant/Cross-claim
Defendant/Counterclaim
Plaintiff/Cross-claim
Plaintiff-Appellant.

Francis P. Hogan and
Benjamin M. Creps
(Ashford & Wriston, LLLP)
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge